IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 25-77 |
| ) | |
| WILLIAM CLARK ) | |

**MEMORANDUM ORDER**

Defendant William Clark is charged in a one-count Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Docket No. 1). Relevant here, a person who is convicted of violating § 922(g) is potentially subject to an enhanced penalty under § 924(e)(1) (the Armed Career Criminal Act ("ACCA")), which provides for imposition of a 15-year mandatory minimum sentence on a defendant who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

Presently before the Court is Defendant's Motion to Strike/Dismiss Notice of Special Findings, wherein he argues that the Notice of Special Findings contained in the Indictment should be stricken or dismissed because his listed prior state drug trafficking convictions are legally insufficient as predicate offenses for purposes of enhancing his sentence under the ACCA. (Docket Nos. 21, 21-1, 28). The Government opposes Defendant's Motion. (Docket No. 27). For reasons that follow, the Motion to Strike/Dismiss will be denied without prejudice.

Although Defendant's Motion is entitled as one to strike or dismiss, he does not cite any

1

procedural rule or legal standard applicable to his Motion, let alone contend that he satisfies the same such that striking or dismissing the Notice of Special Findings is warranted. Putting aside that matter, the thrust of Defendant's Motion is a request for a pretrial ruling that he is not subject to the 15-year mandatory minimum sentence authorized by § 924(e)(1). According to Defendant, the Court should rule now whether his prior drug offenses constitute "serious drug offenses" under the ACCA so that he "receive[s] some clarity as to the time [he is] looking at in the event of a plea of guilty."[1] (Docket Nos. 21, ¶ 22.a; 21-1 at 8). Despite this position, Defendant acknowledges that other courts in this District have ruled that a pretrial challenge to the ACCA is premature. (*See* Docket Nos. 21, ¶¶ 19, 23; 21-1 at 9).

The Government responds that Defendant's Motion should be denied without prejudice because the issue of whether Defendant qualifies for an enhanced sentence under the ACCA is not yet ripe for the Court's consideration.[2] (Docket No. 27 at 1, 3-5). The Court agrees.

There is no debate that § 924(e) is a sentencing enhancement, not a separate offense. *See Custis v. United States*, 511 U.S. 485, 490 (1994) ("The ACCA provides an enhanced sentence...."); *Taylor v. United States*, 495 U.S. 575, 577-78 (1990) (stating that § 924(e) "provides a sentence enhancement for a defendant who is convicted under 18 U.S.C. § 922(g) (unlawful possession of a firearm) and who has three prior convictions for specified types of offenses"); *United States v. Mack*, 229 F.3d 226, 231 (3d Cir. 2000) ("The ACCA is a sentence enhancement

---

[1] Relatedly, Defendant contends that he will be prejudiced if he is uncertain whether he qualifies as an armed career criminal because he will be unable to determine whether to proceed to trial or plead guilty. (Docket No. 28 at 5-6). As another court observed in this context, "[e]ven without a pretrial determination from this Court [regarding the ACCA's applicability], Defendant is still able, with the assistance of counsel, to determine his likely sentencing range, pursuant to statute and the guidelines, both with and without the ACCA, and to use that information to negotiate a plea agreement." *United States v. Edwards*, No. 1:16-CR-081, 2017 WL 606768, at *3 (S.D. Ohio Feb. 15, 2017).

[2] The Government also contends that the Motion should be denied because it is an improper use of a motion to strike and/or motion to dismiss. (Docket No. 27 at 1-3). In light of the Court's ruling that the relief requested in Defendant's Motion is premature, the Court need not address the Government's improper use argument.

statute and does not create a separate offense."). Given that § 924(e) is a sentencing enhancement, not a statutory element under 18 U.S.C. § 922(g)(1), this Court agrees with courts in this District and elsewhere which have determined that a pretrial challenge to the ACCA is premature.

For instance, in *United States v. Jamaar Alexander Blakey*, the defendant sought a pre-plea/pretrial ruling on whether his three prior Pennsylvania state drug convictions constituted predicate offenses for purposes of the ACCA sentencing enhancement. (*See* Crim. No. 21-208, Docket No. 61 at 3-4) (Schwab, J.). As the court noted, "before considering whether a sentencing enhancement applies in any given situation to a defendant, that defendant must first be convicted of a crime." (*Id.* at 3). Consequently, the court declined to rule on whether the § 924(e) sentencing enhancement applied to a defendant who had not pled (or had not been adjudicated) guilty of the charged felon in possession of a firearm and/or ammunition offense. (*Id.* at 4); *see also United States v. Oronde Shelton*, Crim. No. 21-216, Docket No. 75 (Wiegand, J.) (finding pretrial challenge to applicability of ACCA premature and citing other district court decisions concluding same).[3]

In the instant case, Defendant has not been convicted of the charged felon in possession of a firearm and ammunition offense at a trial or by entry of a guilty plea, thus the issue of whether he qualifies for a sentencing enhancement under § 924(e)(1) is premature at this time.[4] *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon

---

[3] The Court is cognizant that one court in this District rendered a pretrial ruling on whether the defendant's prior convictions qualified as ACCA predicate offenses. *See United States v. Slade*, No. CR 23-254, 2025 WL 2977968, at *3 (W.D. Pa. Oct. 22, 2025). Although the court in *Slade* opted to address the defendant's challenge to the ACCA's applicability at the pretrial stage, it also commented that whether the defendant's prior convictions are "serious drug offenses" "may be determined pretrial, or it may be determined after a conviction." *Id.*

[4] Defendant incorrectly relies on *Erlinger v. United States*, 602 U.S. 821 (2024), and *Wooden v. United States*, 595 U.S. 360 (2022), in support of his contention that the Court should address his ACCA challenge now. *Wooden* addressed how to determine if prior offenses were committed on separate occasions under the ACCA, 595 U.S. at 369-76, and *Erlinger* held that the factfinder must determine beyond a reasonable doubt if prior offenses were committed on separate occasions for purposes of the ACCA. 602 U.S. at 835.

contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation marks and citation omitted); *United States v. Matthews*, No. 1:23-CR-00195-TWT-JKL, 2024 WL 3616604, at *2 (N.D. Ga. May 24, 2024), report and recommendation adopted, No. 1:23-CR-00195-TWT-JKL, 2024 WL 3609092 (N.D. Ga. July 29, 2024) ("The Constitution prohibits federal courts from issuing advisory opinions on legal issues that are not ripe. To determine whether the ACCA applies here would require the Court to assume, hypothetically, that [the defendant] has been convicted of the underlying charge in this case—a contingent event that may never occur. But until he is convicted, any opinion about whether his prior conviction qualifies as a sentencing enhancement would be an improper advisory opinion.") (internal quotation marks and citations omitted). This ruling is without prejudice to Defendant challenging the applicability of the § 924(e)(1) sentencing enhancement should he later be convicted of the § 922(g)(1) offense charged in the Indictment via a guilty plea or following a jury trial.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 5th day of January, 2026, IT IS HEREBY ORDERED that Defendant's Motion to Strike/Dismiss Notice of Special Findings, (Docket No. 21), wherein he seeks a pretrial ruling that the ACCA sentencing enhancement is inapplicable to him is DENIED WITHOUT PREJUDICE.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record