IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-77 |
| | ) | |
| WILLIAM CLARK | ) | |

**MEMORANDUM ORDER**

Defendant William Clark is charged in a one-count Indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Docket No. 1). Relevant here, a person who is convicted of violating § 922(g) is potentially subject to an enhanced penalty under § 924(e)(1) (the Armed Career Criminal Act ("ACCA")), which provides for imposition of a 15-year mandatory minimum sentence on a defendant who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

In a Memorandum Order dated January 5, 2026, the Court denied without prejudice Defendant's Motion to Strike/Dismiss Notice of Special Findings, wherein he argued that the Notice of Special Findings contained in the Indictment should be stricken or dismissed because his listed prior state drug trafficking convictions are legally insufficient as predicate offenses for purposes of enhancing his sentence under the ACCA (the "January 2026 Memorandum Order"). *See United States v. Clark*, Crim. No. 25-77, 2026 WL 20579 (W.D. Pa. Jan. 5, 2026). In summary, the Court cited controlling Supreme Court and Third Circuit precedent holding that § 924(e) is a

1

sentencing enhancement, not a separate offense, and therefore ruled that the issue whether Defendant qualifies for an enhanced sentence under the ACCA is premature given that he has not been convicted of the charged felon in possession of a firearm and ammunition offense at a trial or by entry of a guilty plea. (*Id.* at *2).

Presently before the Court is Defendant's Motion for Reconsideration of the January 2026 Memorandum Order, in which he contends that Federal Rules of Criminal Procedure 7 and 12(b)(1), along with the Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024), compel a decision now. (*See* Docket No. 34 at 8-9). In advancing this position, Defendant also relies upon *United States v. Slade*, Crim. No. 23-254, 2025 WL 2977968 (W.D. Pa. Oct. 22, 2025), wherein another court in this District rendered a pretrial ruling on whether a defendant's prior convictions qualified as ACCA predicate offenses. (Docket No. 34 at 5-7, 9). The Government filed a Response opposing Defendant's Motion for Reconsideration, and Defendant subsequently filed a Reply thereto. (Docket Nos. 38, 39). After review of the parties' briefing, the Court finds that reconsideration is not warranted.

Initially, it is settled that a motion for reconsideration may be filed in a criminal case. *See United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (citation omitted). Therefore, the Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *United States v. Banks*, Crim. No. 03-245, 2008 WL 5429620, at *1 (W.D. Pa. Dec. 31, 2008) (citing

*Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). In sum, "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (citation omitted).

Defendant does not contend that reconsideration is warranted based on an intervening change in the controlling law, the availability of new evidence, or because there is a need to correct a clear error of law or fact. Rather, the crux of Defendant's argument is that he will be prejudiced if the Court does not issue a pretrial ruling whether he qualifies for an enhanced sentence under the ACCA, (*see generally* Docket Nos. 34, 39), which the Court construes as requesting reconsideration based on the need to prevent a manifest injustice. To that end, Defendant previously contended that he will be prejudiced if he is uncertain whether he qualifies as an armed career criminal because he will be unable to determine whether to proceed to trial or plead guilty. (Docket No. 28 at 5-6). As the Court explained, "[e]ven without a pretrial determination from this Court [regarding the ACCA's applicability], Defendant is still able, with the assistance of counsel, to determine his likely sentencing range, pursuant to statute and the guidelines, both with and without the ACCA, and to use that information to negotiate a plea agreement." *Clark*, 2026 WL 20579, at *1, n.1 (quoting *United States v. Edwards*, No. 1:16-CR-081, 2017 WL 606768, at *3 (S.D. Ohio Feb. 15, 2017)). Moreover, the Court made clear in the January 2026 Memorandum Order that its ruling was without prejudice to Defendant challenging the applicability of the § 924(e)(1) sentencing enhancement should he later be convicted of the § 922(g)(1) offense charged in the Indictment via a guilty plea or following a jury trial. (*Id.* at *2).

At bottom, Defendant reargues his position that the Court should rule now whether he qualifies for an enhanced sentence under the ACCA.¹ The Court already has determined that such a ruling is premature at this time. In the Court's estimation, Defendant has not advanced any basis for this Court to reconsider its January 2026 Memorandum Order, other than his apparent disagreement with the Court's ruling. Reconsideration is not warranted on that basis. *See United States v. Pride*, Crim. No. 16-68, 2021 WL 4340551, at *1 (W.D. Pa. Sept. 23, 2021) ("Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, to express disagreement with the Court's rulings, or for addressing arguments that a party should have raised earlier.") (citations omitted); *Donegan*, 877 F. Supp. 2d at 226. Accordingly, the Court enters the following Order:

AND NOW, this 19th day of February, 2026, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration of the January 2026 Memorandum Order, (Docket No. 34), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

---

[1] In rehashing this position, Defendant relies upon *Slade*, 2025 WL 2977968, wherein another court in this District issued a pretrial ruling on whether a defendant's prior convictions qualified as ACCA predicate offenses. (*See* Docket Nos. 34 at 5-7, 9; 39 at 4). Defendant overlooks that this Court discussed *Slade* in the January 2026 Memorandum Order, stating that "[a]lthough the court in *Slade* opted to address the defendant's challenge to the ACCA's applicability at the pretrial stage, it also commented that ***whether the defendant's prior convictions are 'serious drug offenses' 'may be determined pretrial, or it may be determined after a conviction.***' " *Clark*, 2026 WL 20579, at *2, n.3 (quoting *Slade*, 2025 WL 2977968, at *3) (emphasis added). Consequently, *Slade* does not stand for the proposition that a challenge to the ACCA's applicability must or should be addressed pretrial.
   Similarly, and as previously addressed, Defendant incorrectly relies on *Erlinger*, 602 U.S. 821, in support of his contention that the Court should address his ACCA challenge now. *See Clark*, 2026 WL 20579, at *2, n.4. As already explained, *Erlinger* held that the factfinder must determine beyond a reasonable doubt if prior offenses were committed on separate occasions for purposes of the ACCA. 602 U.S. at 835.