IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-77 |
| | ) | |
| WILLIAM CLARK | ) | |

**MEMORANDUM ORDER**

Defendant William Clark is represented by CJA appointed counsel Robert E. Mielnicki in this case. (Docket No. 6). On March 26, 2026, Defendant pled guilty to the one-count Indictment charging him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Docket Nos. 1, 47, 49). Sentencing originally was set to occur on July 29, 2026, but it was rescheduled on October 28, 2026 on joint motion of the parties. (Docket Nos. 50, 57, 58).

As relevant to sentencing, a person who is convicted of violating § 922(g) is potentially subject to an enhanced penalty under § 924(e)(1) (the Armed Career Criminal Act ("ACCA")), which provides for imposition of a 15-year mandatory minimum sentence on a defendant who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

During the presentence process, Defendant objected to any "paragraph of the PSIR which asserts or is based on [him] being deemed an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)." (Docket No. 55 at 1). Defendant also filed a Motion to Bar Application of 18 U.S.C.

924(e) / Motion to Bar Application of Armed Career Criminal Act at the Time of Sentencing / Supplement to Defendant's Position With Respect to Sentencing Factors, wherein he argues that his prior Pennsylvania controlled substance convictions in ¶¶ 39-41 of the PIR do not qualify as "serious drug offenses" for ACCA purposes because Pennsylvania law prohibits a broader range of substances with the chemical designation of cocaine than does federal law. (Docket No. 56 at 2). In response, the Government maintains that Defendant's Pennsylvania cocaine drug trafficking convictions qualify as ACCA predicate offenses, thus he is subject to the enhanced penalties set forth in 18 U.S.C. § 924(e). (*See generally* Docket No. 62). In support of their respective positions, the parties each submitted an expert declaration – Roscoe G. Bennett for the Government, (Docket No. 62-1), and Jesse D. More for Defendant. (Docket No. 56-1). Given the dueling expert declarations, and in order for the underlying chemistry principles to be fully established, the Government requested an evidentiary hearing prior to sentencing to address the scientific facts and arguments. (Docket No. 62 at 17). The Court agreed that such a hearing is necessary and entered an order vacating the remaining presentence deadlines and cancelling the sentencing hearing scheduled on October 28, 2026. (Docket No. 66). The Court also scheduled a status conference with counsel to discuss the logistics of scheduling an evidentiary hearing, which was held on September 22, 2026. (Docket Nos. 67, 69).

On September 21, 2026, Federal Public Defender Elisa Long filed a Motion to Appoint the Federal Public Defender for the Western District of Pennsylvania as Co-Counsel for Defendant (the "Appointment Motion"), (Docket No. 68), which is presently before the Court. The Appointment Motion avers that the Federal Public Defender ("FPD") has been "deeply involved" in litigating the legal question whether a conviction under Pennsylvania's felony drug statute is a "serious drug offense" under 18 U.S.C. § 924(e) in district courts in this District and in the Third

Circuit Court of Appeals. (*Id.*, ¶¶ 1, 2). The Appointment Motion explains that the FPD previously retained an expert who prepared a Declaration which was utilized in another case concerning the issues presented in Defendant's Motion to bar application of the ACCA, and which Attorney Mielnicki has submitted in this case. (*Id.*, ¶ 5). Additionally, consistent with this District's Criminal Justice Act Plan, the FPD consults with CJA panel attorneys and has done so with Attorney Mielnicki in this case. (*Id.*, ¶ 3). In light of the FPD's experience and familiarity with the legal and evidentiary issues presented in Defendant's Motion to bar application of the ACCA, the Appointment Motion avers that "CJA Panel counsel and the FPD jointly request that the FPD be appointed as co-counsel for the purpose of any evidentiary hearing." (*Id.*, ¶ 7).

As presented, it is unclear whether the Appointment Motion's requested relief – that the FPD be appointed as co-counsel for Defendant for the purpose of an evidentiary hearing – is, in fact, a joint request by the FPD and Attorney Mielnicki.[1] Although certainly not dispositive, it bears noting that the Appointment Motion is not titled as "joint." Most significantly, however, the Appointment Motion is submitted and signed only by Federal Public Defender Elisa Long and not by Attorney Mielnicki. Accordingly, the Court will deny the Appointment Motion insofar as it requests the Court to appoint the FPD as co-counsel (for any purpose) in this case.

With that said, the Guide to Judiciary Policy authorizes a federal court to invite federal public defenders to participate in a case as *amicus curiae*. *See Guide to Judiciary Policy*, Vol. 7A, Ch. 4, § 460(a) ("Under governing court rules, federal public defenders and community defenders may participate as *amicus curiae* in federal court at the invitation of the court"); *see also United States v. Hamdan,* No. CR 19-60-WBV-KWR, 2021 WL 809376, at *5 (E.D. La. Mar. 3, 2021) ("A federal district court possesses the inherent authority to appoint amicus curiae to assist the

1 However, Attorney Mielnicki represented at the September 22nd status conference that neither he, nor Defendant, object to the FPD's participation in the case relative to an anticipated evidentiary hearing.

court in its proceedings.") (citation omitted); *United States v. Feng Tao*, 499 F. Supp. 3d 940, 972 (D. Kan. 2020) ("An amicus brief should normally be allowed [in district court] ... when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.") (citation omitted).

Consistent with this guidance,[2] and in consideration of the FPD's familiarity and experience with the legal and evidentiary issues concerning the request to bar application of the ACCA, including regarding the retention of an expert witness on these issues, (*see* Docket No. 68, ¶¶ 2, 5), the Court deems it appropriate to invite the FPD to participate as *amicus curiae* for the limited purposes of: (1) attending the evidentiary hearing in accordance with any further instructions to be issued by the Court after that hearing ultimately is scheduled; and (2) submitting a post-evidentiary hearing brief addressing the interplay between Pennsylvania's definition of cocaine and its federal counterpart for ACCA purposes, if the FPD wishes to do so. *See Liberty Res., Inc. v. Philadelphia Hous. Auth.,* 395 F. Supp. 2d 206, 210 (E.D. Pa. 2005) ("The extent and manner of the participation of an amicus is within the discretion of the court.") (citations omitted). The Court tenders this invitation in order to obtain fulsome information to adjudicate the important issue presented here, despite that Defendant is represented by CJA appointed counsel who has significant experience handling federal criminal cases. *See Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) ("Even when a party is very well represented, an amicus may provide important assistance to the court.").[3] To that end, the Court

---

2 This District's Local Criminal Rules do not address participation as *amicus curiae*. Absent any rule limiting such participation, the Court relies upon the guidance set forth in the *Guide to Judiciary Policy*.

3 As observed in *Neonatology Assocs.*, "[s]ome amicus briefs collect background or factual references that merit judicial notice. Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." *Neonatology Assocs.*, 293 F.3d at 132 (quoting Luther T. Munford, *When Does the Curiae Need An Amicus?*, 1 J.App. Prac. & Process 279 (1999)).

observes that Attorney Mielnicki has diligently and capably represented Defendant in all aspects of this case to date. Accordingly, it is expected that Attorney Mielnicki will continue to handle all aspects of this case, and the FPD's participation as *amicus curiae* will be limited to the purposes specified herein.

In view of the foregoing, the Court enters the following Order:

AND NOW, this 28th day of September, 2026, IT IS HEREBY ORDERED that the Motion to Appoint the Federal Public Defender for the Western District of Pennsylvania as Co-Counsel for Mr. Clark, (Docket No. 68), is DENIED. However, in accordance with the *Guide to Judiciary Policy*, Vol. 7A, Ch. 4, § 460(a), at the Court's invitation, the Federal Public Defender may participate as *amicus curiae* in this matter for the limited purposes of: (1) attending the evidentiary hearing in accordance with any further instructions to be issued by the Court after that hearing ultimately is scheduled; and (2) submitting a post-evidentiary hearing brief addressing the interplay between Pennsylvania's definition of cocaine and its federal counterpart for ACCA purposes, if the FPD wishes to do so. To the extent the FPD opts to submit such an *amicus curiae* brief, the Court expects that the brief's focus will be for informational/educational purposes and not to advocate the specifics of Defendant's case, which assuredly will be handled by his CJA appointed counsel.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record